UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

SCHREIBER FOODS, INC.,

        Plaintiff,

v.                                                Case No. 08-C-962

LEI WANG and MATURE SKY, LTD.,

        Defendants.

## ORDER DENYING MOTION TO DISMISS

Plaintiff Schreiber Foods, Inc. ("Schreiber") brought this action to recover $573,173.35 it alleges it is owed for demineralized whey powder it shipped to China pursuant to a purchase order from defendant Mature Sky. Schreiber filed its complaint against defendants Lei Wang and Mature Sky on November 12, 2008, in which it alleged that defendants misrepresented information relating to their involvement with a third party, the Inner Mongolia Industrial Group Co. Ltd ("Yili"). The complaint alleged that Wang caused a purchase order to issue, which resulted in Schreiber shipping a large amount of whey powder to Yili for which it has never been paid. Schreiber also brought claims of breach of contract and conversion. This Court has diversity jurisdiction based upon 28 U.S.C. § 1332. This matter is before me on defendant Lei Wang's motion to dismiss filed on March 16, 2009. (Doc. # 8.)

Wang urges dismissal of this action under Rule 9(b) and Rule 12(b)(6) of the Federal Rules of Civil Procedure, contending that the complaint does not allege the existence of a contract between Schreiber and Wang as an individual. Wang also asserts that the allegations of

misrepresentation and conspiracy to convert Schreiber's property lack the specificity Rule 9(b) requires.

Instead of responding to the motion, on March 20, 2009 Schreiber filed a first amended complaint ("FAC"), something Rule 15(a) of the Federal Rules of Civil Procedure permits it to do as a matter of course prior to service of a responsive pleading. As a motion to dismiss does not constitute a "responsive pleading" within the meaning of Rule 15, *Foster v. DeLuca*, 545 F.3d 582, 584 (7th Cir. 2008), Schreiber was free to file the FAC. *See Stein v. Royal Bank of Canada*, 239 F.3d 389, 392 (1st Cir. 2001) (as Rule 7(a) excludes motions from the definition of a pleading, filing of a motion to dismiss does not prevent filing an amended complaint as a matter of course under Rule 15(a)); *see also Ross v. Franzen*, 777 F.2d 1216, 1222 (7th Cir. 1985) (citing *LaBatt v. Twomey*, 513 F.2d 641, 650-51 (7th Cir. 1975); 3 J. Moore, Federal Practice § 15.07[2]).

As the FAC addresses many, if not all, of the deficits about which Wang complained, the motion will be denied as moot. For example, Wang claims the original complaint fails to allege anything that would support a finding that Wang is individually liable for a breach of contract by Mature Sky. Plaintiff cures this alleged deficiency with the FAC's allegation that Mature Sky is owned all or in part by Wang, or alternatively, Mature Sky is merely a "doing business as" name for Wang and not a limited liability entity. (FAC, ¶¶ 3-4.) Wang's remaining objection is that the claims of misrepresentation and conspiracy to convert do not meet the specificity requirements of Rule 9(b). "The circumstances of fraud or mistake include 'the identity of the person who made the misrepresentation, the time, place and content of the misrepresentation, and the method by which the misrepresentation was communicated to the plaintiff.'" *Windy City Metal Fabricators & Supply, Inc. v. CIT Technical Financing*, 536 F.3d 663, 668 (7th Cir. 2008) (quoting *Gen. Elec.*

2

*Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1078 (7th Cir. 1997). The FAC's allegations that Wang made misrepresentations to Juliet Prescod of Schreiber on various dates appear to state with sufficient particularity the circumstances of the alleged fraud. Finally, I note that Schreiber does not allege conspiracy to convert in the FAC.

I find the FAC renders Wang's motion moot. She is of course free to file a new motion in light of the FAC should she continue to believe that Schreiber's claims would not survive a challenge under Rule 9(b) or Rule 12(b)(6); however, for now, Wang's motion to dismiss is **DENIED** as moot.

**SO ORDERED** this   20th   day of April, 2009.

s/ William C. Griesbach
William C. Griesbach
United States District Judge