UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

SCHREIBER FOODS, INC.,

        Plaintiff,

v.                                   Case No. 08-C-962

LEI WANG and MATURE SKY, LTD.,

        Defendants.

**ORDER DENYING DEFENDANT LEI WANG'S MOTION FOR SANCTIONS
AND GRANTING PLAINTIFF'S MOTION TO AMEND THE COMPLAINT**

      Plaintiff Schreiber Foods, Inc. ("Schreiber") brought this action to recover money it alleges it is owed for demineralized whey powder it shipped to China pursuant to a purchase order issued by defendant Mature Sky, Ltd. ("Mature Sky"). Schreiber alleges that defendants Lei Wang and Mature Sky misrepresented information relating to their involvement with a third party, the Inner Mongolia Industrial Group Co. Ltd ("Yili"). The complaint alleges that Wang caused a purchase order to issue, which resulted in Schreiber shipping a large amount of whey powder to Yili for which it has never been paid. This Court has diversity jurisdiction based upon 28 U.S.C. § 1332. This matter is before me on defendant Lei Wang's motion for discovery sanctions [Doc. # 18] and plaintiff Schreiber's motion to again amend its complaint [Doc. # 16]. For the reasons stated below, Wang's motion for sanctions will be denied and Schreiber's motion to amend the complaint will be granted.

      According to Schreiber, Wang represented that she was working with her cousin, Cade Wang, to find American sources for Yili, a Chinese dairy conglomerate. Schreiber maintains that

Wang sent it a document purporting to be a credit application from Yili, completed by Wang. Schreiber also believes that although the credit application appeared to be signed by a Yili official, in reality the signature was forged. Wang then sent Schreiber a purchase order, which Schreiber filled, in the name of Mature Sky. Schreiber entered into this transaction thinking that its dairy product would be used by Yili, and Wang paid Schreiber over $42,000 for the first order with money she claimed to have received from Yili. Although Wang represented to Schreiber that she had been communicating with Yili regarding the terms of the purchase, Schreiber now asserts that Wang had not communicated with Yili. Schreiber maintains that after receiving a second Mature Sky purchase order, it filled the order, but has never been paid. Schreiber also claims that Yili has denied any knowledge of the purchase.

## Wang's Motion for Sanctions

In her motion for sanctions, Wang contends that three days after the discovery deadline in this case, Schreiber produced additional documents, including e-mails which, according to Wang, disclosed that Schreiber's representatives had been in contact with Yili and had independently confirmed that Schreiber's products did not meet the standards for import into China. Wang contends that this late disclosure disrupts her previous legal strategy of pursuing summary judgment based on the discovery produced prior to the deadline, as she is now precluded from learning more about the information relating to Schreiber's contacts with Yili. To address the situation, Wang recommends that the Court sanction Schreiber by prohibiting it from using the documents it produced after the deadline (bearing Bates numbers S0540 - S0590), and also by prohibiting Schreiber from introducing any evidence in this action based on its communications with Yili.

In response, Schreiber notes that Wang failed to include with her motion the certification required under the local rules that she consulted with Schreiber in an attempt to iron out the

2

discovery dispute before resorting to a motion under Fed. R. Civ. P. 37. Schreiber also argues that it has committed no foul, as it provided the documents about which Wang complains as a supplement to its earlier response after Schreiber's in-house legal department provided additional documents. Finally, Schreiber asserts that sanctions are unwarranted in any event because even if it were in error, the error would have been harmless, as Wang could have taken Schreiber up on its offer to extend the discovery cutoff date to discover more information on the newly-produced documents.

Civil L.R. 37.1 requires that discovery motions brought pursuant to Fed. R. Civ. P. 26 through 37 must be accompanied by a written statement that the movant personally consulted with the adverse party in an attempt to resolve their differences. No such statement accompanied Wang's motion, so it will be denied on that basis alone.[1] It is also unclear that Schreiber violated any rule. Although it did not produce the records within the thirty days of Wang's discovery demand, its failure to do so seems at most inadvertence, and not any effort to obfuscate or delay. Indeed, Schreiber does not even view the documents as relevant. Moreover, Schreiber has expressed a willingness to extend the discovery period if Wang believes the late disclosure of the documents raises issues Wang has not previously explored. Under these circumstances, exclusion of evidence, a drastic sanction in any event, is unwarranted. Accordingly, Wang's motion for sanctions is denied.

---

[1] The Court would have reached the same conclusion had this issue arisen under the newly-amended Civil L.R. 37, as it is substantially similar to Civil L.R. 37.1, which was effective at the time Wang filed her motion for sanctions.

3

**Schreiber's Motion to Amend the Complaint**

Schreiber seeks leave to file a Second Amended Complaint, as it must now under Fed. R. Civ. P. 15(a) given the posture of these proceedings. The proposed Second Amended Complaint includes a new allegation that Wang and her cousin, Cade Wang, entered into a joint venture to purchase dairy products from American suppliers and to resell such products to Yili. It also adds allegations relating to Wang's communications with Schreiber and Wang's statements regarding her discussions with Yili. The proposed Second Amended Complaint further alleges that Wang conspired with and otherwise aided and abetted Cade Wang in deceiving and misleading Schreiber into believing that the two acted on behalf of Yili, resulting in a conversion of Schreiber's property. Wang opposes the motion and contends that leave to amend should be denied because it would result in undue delay, it would prejudice her, and the amendments proposed by Schreiber would be futile.

After the opportunity to amend the pleadings as a matter of course has passed, a party may amend a complaint only with consent of the opposing party or leave of the court. Fed. R. Civ. P. 15(a). The court should freely grant leave to amend the pleadings. *Id*.; *Foman v. Davis*, 371 U.S. 178, 182 (1962). Grounds to deny leave to amend a complaint include "undue delay, bad faith, dilatory motive, prejudice, or futility." *Guise v. BWM Mortg., LLC*, 377 F.3d 795 (7th Cir. 2004) (citing *Ind. Funeral Directors Ins. Trust v. Trustmark Ins. Corp.*, 347 F.3d 652, 655 (7th Cir. 2003)). An amendment may be futile when if fails to state a valid theory of liability or could not withstand a motion to dismiss. *Bower v. Jones*, 978 F.3d 1004, 1008 (7th Cir. 1992) (citations omitted); *see also Gen. Elec. Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1085 (7th Cir. 1997) (the question of whether leave to amend should be denied on the ground of futility is

4

tantamount to the question of whether the proposed amended complaint should be dismissed under Rule 12(b)(6)). An amendment is also futile if the amended complaint would not survive a motion for summary judgment. *See Sound of Music Co. v. Minnesota Mining & Mfg. Co.*, 477 F.3d 910, 923 (7th Cir. 2007).

To Wang's contention that permitting Schreiber leave to amend would unduly delay these proceedings, Schreiber notes that although it possessed some of the documents it says support its new claims, it did not understand them until Wang was deposed in October 2009. Specifically, at her deposition Wang testified that she had not communicated with Yili about a second purchase of whey powder from Schreiber, even though Schreiber had e-mails indicating that Wang was in contact with Yili. From Schreiber's point of view, Wang's testimony provided important insight into her e-mails with a Schreiber employee, and Schreiber avers that it supports its claim of misrepresentation. Given the heightened pleading standards applicable to Schreiber's fraud claims, it is not inappropriate for Schreiber to seek leave to amend after discovery has closed, based upon information it obtained in Wang's deposition.

The Court also concludes that Wang has not sufficiently demonstrated that she will be unduly prejudiced by granting Schreiber leave to amend its complaint. It is not enough to complain that because the discovery deadline has now expired, Wang is unable to discover information on the new allegations, as the deadline can be extended. Schreiber has offered to extend the deadline, and thought such an extension would be necessary in any event given Wang's desire to depose Juliet Prescod, the former Schreiber employee who had communicated with Wang. Wang is hard pressed to assert she would suffer prejudice by not being able to take discovery on the new allegations when she has declined the opportunity to extend discovery for that purpose.

5

It is true that under the current scheduling order, dispositive motions are due on or before February 22, 2010. (Doc. # 15 at 3.) Allowing further discovery will likely require adjustment of this deadline, but it would not otherwise disrupt these proceedings, as no trial date has been set. The mere fact that a modification of the scheduling order may be required, along with more discovery–things not uncommon to federal litigation–does not constitute prejudice sufficient to deny the motion for leave to amend.

Wang's final argument in favor of denying Schreiber leave to amend is that the proposed amendment would be futile. Wang contends that Schreiber's allegation that Wang and Cade Wang formed a joint venture to purchase dairy products from American suppliers and resell them to Yili, along with Schreiber's allegation that Wang conspired with, aided and abetted Cade Wang in converting Schreiber's property, are mere legal conclusions or theories that fail to state a claim upon which relief may be granted. Wang does not argue that the other allegations of the proposed Second Amended Complaint fail to state a claim.

Schreiber responds by stating that it was simply erring on the safe side by including the joint venture, conspiracy and aiding-and-abetting theories of vicarious liability Wang challenges in the Second Amended Complaint, as it anticipates raising such issues in response to Wang's motion for summary judgment. Schreiber maintains that the Federal Rules of Civil Procedure does not require it to plead legal theories or the elements of various legal theories.

I conclude that Schreiber has the better argument, so leave to again amend the complaint will be granted. Plaintiffs in federal court need not plead legal theories, *Ortiz v. Downey*, 561 F.3d 664, 670 (7th Cir. 2009), and while factual inconsistencies in a complaint will not do, discrepancies between legal theories are permissible. *Tamayo v. Blagojevich*, 526 F.3d 1074, 1086 (7th Cir. 2008)

6

(citation omitted).  Thus, because Schreiber was not required to plead a legal theory, the fact it now seeks leave to file a Second Amended Complaint which outlines theories of vicarious liability is insufficient reason to conclude that the proposed amendment would be futile.  Further, Wang fails to address the fact that Schreiber also seeks to add allegations regarding misrepresentations Wang made to Juliet Prescod of Schreiber.  The proper time for Wang to contend that Schreiber does not have proof to establish that she could be vicariously liable is in a motion for summary judgment.

In light of the approaching dispositive motion deadline, of February 22, 2010, the Clerk is directed to place this matter on the Court's calendar for a Rule 16 status/scheduling conference within the next 10 days.  *See* Fed. R. Civ. P. 16.

**THEREFORE, IT IS ORDERED** that Wang's motion for sanctions is **DENIED**.  Schreiber's motion for leave to file a Second Amended Complaint is **GRANTED**.  Finally, the parties joint motion to amend the scheduling order by postponing the deadline for filing dispositive motions is also **GRANTED**, and the Clerk is directed to set this matter on the court's calendar for a Rule 16 telephone conference.

Dated this     11th     day of February, 2010.

    s/ William C. Griesbach
    William C. Griesbach
    United States District Judge